UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN E. HAYNES,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>　　　　　Defendant. | No. 2:17-cv-1984 DB<br><br><br>ORDER |

This social security action was submitted to the court without oral argument for ruling on plaintiff's motion for summary judgment and defendant's cross-motion for summary judgment.[1] Plaintiff argues that the Administrative Law Judge failed to accurately characterize the medical evidence and improperly rejected plaintiff's testimony. For the reasons explained below, plaintiff's motion is granted, the decision of the Commissioner of Social Security ("Commissioner") is reversed, and the matter is remanded for further proceedings.

PROCEDURAL BACKGROUND

On June 21, 2007, plaintiff filed applications for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("the Act") and for Supplemental Security Income

---

[1] Both parties have previously consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c). (See ECF Nos. 7 & 8.)

1

("SSI") under Title XVI of the Act alleging disability beginning on January 30, 2002. (Transcript ("Tr.") at 109-23.) Plaintiff's alleged impairments included a shoulder injury, elbow tendinitis, and arthritis. (Id. at 127.) Plaintiff's applications were denied initially, (id. at 70-79), and upon reconsideration. (Id. at 81-91.)

Thereafter, plaintiff requested a hearing which was held before an Administrative Law Judge ("ALJ") on April 1, 2009. (Id. at 25-62.) Plaintiff was represented by an attorney and testified at the administrative hearing. (Id. at 25-27.) In a decision issued on November 20, 2009, the ALJ found that plaintiff was not disabled. (Id. at 19-20.) On January 14, 2011, the Appeals Council denied plaintiff's request for review of the ALJ's November 20, 2009 decision. (Id. at 1-3.)

Thereafter, plaintiff sought judicial review pursuant to 42 U.S.C. § 405(g) by filing a complaint in this court on March 16, 2011. (Id. at 517.) On April 6, 2010, however, plaintiff filed another application for benefits. (Id. at 439, 539.) Thereafter, plaintiff was found disabled as of April 6, 2010. (Id.) Then, on February 26, 2013, this court granted plaintiff's motion for summary judgment and remanded the matter for further proceedings with respect to plaintiff's original applications. (Id. at 535.)

A second hearing was held on February 26, 2014, before an ALJ. (Id. at 458-92.) Plaintiff was represented by an attorney and testified at the administrative hearing. (Id. at 458-60.) In a decision issued on April 10, 2014, the ALJ found that plaintiff had not been disabled from June 21, 2002, through April 5, 2010. (Id. at 452.) The ALJ entered the following findings:

> 1. The claimant meets the insured status requirements of the Social Security Act through June 30, 2005.
>
> 2. The claimant has not engaged in substantial gainful activity since June 21, 2007, the established onset date through April 5, 2010 (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).
>
> 3. The claimant has the following medically determinable impairments: right extremity pain and limitations from shoulder injury, tendonitis in elbow, arthritis in hand; history of Hepatitis C; and major depressive disorder (or bipolar disorder) (20 CFR 416.920(c)).
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of

| | |
|---|---|
| 1 | the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926). |
| 2 | |
| 3 | 5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except he can only occasionally balance, bend, crouch, crawl, kneel, stoop, climb; he can only occasionally overhead reach with the right upper extremity; he can only perform simple unskilled work. |


1  the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1
2  (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

3  5. After careful consideration of the entire record, the undersigned
4  finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and
5  416.967(b) except he can only occasionally balance, bend, crouch, crawl, kneel, stoop, climb; he can only occasionally overhead reach
6  with the right upper extremity; he can only perform simple unskilled work.

7  6. The claimant is capable of performing past relevant work as a prep cook as the claimant described how he performed this work.
8  This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity
9  (20 CFR 404.1565 and 416.965).

10  7. The claimant has not been under a disability, as defined in the Social Security Act, from June 21, 2002, through April 5, 2010 (20
11  CFR 404.1520(f) and 416.920(f)).

12  (Id. at 442-52.)

13  On July 21, 2017, the Appeals Council denied plaintiff's request for review of the ALJ's

14  April 10, 2014 decision. (Id. at 427-31.) Plaintiff sought judicial review pursuant to 42 U.S.C. §

15  405(g) by filing the complaint in this action on September 25, 2017. (ECF No. 1.)

## LEGAL STANDARD

"The district court reviews the Commissioner's final decision for substantial evidence, and the Commissioner's decision will be disturbed only if it is not supported by substantial evidence or is based on legal error." Hill v. Astrue, 698 F.3d 1153, 1158-59 (9th Cir. 2012). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001); Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997).

"[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006) (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)). If, however, "the record considered as a whole can reasonably support either affirming or reversing the Commissioner's decision, we must affirm." McCartey v. Massanari, 298 F.3d 1072, 1075 (9th Cir. 2002).

3

A five-step evaluation process is used to determine whether a claimant is disabled. 20 C.F.R. § 404.1520; see also Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). The five-step process has been summarized as follows:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987). The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.; Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

## APPLICATION

Plaintiff's pending motion argues that the ALJ committed the following two principal errors: (1) the ALJ failed to properly characterize the evidence of record; and (2) the ALJ's treatment of plaintiff's subjective testimony constituted error.[2] (Pl.'s MSJ (ECF No. 17) at 14-27.[3])

////

////

---

[2] The court has combined some of plaintiff's arguments for purposes of clarity and efficiency.

[3] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

4

I.      **Evidence of Record**

Plaintiff challenges the ALJ's characterization and treatment of several items of evidence. (Pl.'s MSJ (ECF No. 17) at 14-24.) For example, plaintiff challenges the ALJ's determination that the record lacked evidence that plaintiff was disabled prior to June 30, 2005. (Id. at 14.) The ALJ's decision stated that "the record is devoid of objective evidence of record or clinical finding which support disability being established before June 30, 2005." (Tr. at 442.)

However, a January 26, 2005 Placer County Systems of Care Biopsychosocial Assessment found that plaintiff was experiencing anxiety, depression, poor judgment, and suicidal ideation. (Id. at 240.) Plaintiff was diagnosed with a Global Assessment of Functioning ("GAF") score of 50. (Id. at 241.) On March 3, 2005, plaintiff was diagnosed as suffering from major depression, borderline personality disorder, and "personality disorder nos." (Tr. at 245.) It was noted that plaintiff's current GAF score was 45. (Id.)

A GAF score represents a present rating of overall psychological functioning on a scale of 0 to 100. See Diagnostic and Statistical Manual of Disorders, at 34 (Am. Psychiatric Ass'n, 4th Ed. 2000) ("DSM-IV"); see also Keyser v. Commissioner Social Sec. Admin., 648 F.3d 721, 723 (9th Cir. 2011) ("A GAF score is a rough estimate of an individual's psychological, social, and occupational functioning used to reflect the individual's need for treatment."). A GAF score in the range of 41 to 50 denotes: "Serious symptoms (e.g., suicidal ideation, severe obsessional rituals, frequent shoplifting) OR any serious impairment in social, occupational, or school functioning (e.g., no friends, unable to keep a job)." DSM-IV at 34. Moreover, "GAF scores are typically assessed in controlled, clinical settings that may differ from work environments in important respects." Garrison v. Colvin, 759 F.3d 995, 1003 n.4 (9th Cir. 2014).

Based on this evidence, it cannot be said that the record was "devoid of objective evidence . . . or clinical finding which would support disability being establishing before June 30, 2005." (Tr. at 442.) Plaintiff also points out that the ALJ incorrectly concluded that "[t]he record ends in December, 2005; next records of treatment commence in 2007." (Id.) A Placer County Systems of Care ICD-9 CM Diagnosis Form reflects that plaintiff was seen on March 23, 2006, and

/////

assessed a current GAF score of 55. (Id. at 243.) Plaintiff was again seen on December 18, 2006, an assessed a GAF score of 50. (Id. at 242.)

In light of these errors, plaintiff is entitled to summary judgment on the claim that the ALJ failed to properly characterize the evidence of record.[4]

**II.    Plaintiff's Subjective Testimony**

The Ninth Circuit has summarized the ALJ's task with respect to assessing a claimant's credibility as follows:

> To determine whether a claimant's testimony regarding subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis. First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged. The claimant, however, need not show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom. Thus, the ALJ may not reject subjective symptom testimony . . . simply because there is no showing that the impairment can reasonably produce the degree of symptom alleged.
>
> Second, if the claimant meets this first test, and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so[.]

Lingenfelter v. Astrue, 504 F.3d 1028, 1035-36 (9th Cir. 2007) (citations and quotation marks omitted). "The clear and convincing standard is the most demanding required in Social Security cases." Moore v. Commissioner of Social Sec. Admin., 278 F.3d 920, 924 (9th Cir. 2002). "At the same time, the ALJ is not required to believe every allegation of disabling pain, or else disability benefits would be available for the asking[.]" Molina v. Astrue, 674 F.3d 1104, 1112 (9th Cir. 2012).

"The ALJ must specifically identify what testimony is credible and what testimony undermines the claimant's complaints."[5] Valentine v. Commissioner Social Sec. Admin., 574

---

[4] These errors cannot be characterized as harmless given that the question before the ALJ was whether plaintiff was disabled from "January 30, 2002 through April 5, 2010." (Tr. at 439.)

[5] In March 2016, Social Security Ruling ("SSR") 16-3p went into effect. "This ruling makes clear what our precedent already required: that assessments of an individual's testimony by an ALJ are designed to 'evaluate the intensity and persistence of symptoms after the ALJ finds that

6

F.3d 685, 693 (9th Cir. 2009) (quoting Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999)). In weighing a claimant's credibility, an ALJ may consider, among other things, the "[claimant's] reputation for truthfulness, inconsistencies either in [claimant's] testimony or between [her] testimony and [her] conduct, [claimant's] daily activities, [her] work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which [claimant] complains." Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002) (modification in original) (quoting Light v. Soc. Sec. Admin., 119 F.3d 789, 792 (9th Cir. 1997)). If the ALJ's credibility finding is supported by substantial evidence in the record, the court "may not engage in second-guessing." Id.

Here, plaintiff alleged symptoms from joint pain, Hepatitis C, and mental impairments. (Tr. at 446.) The ALJ found that plaintiff's medically determinable impairments could reasonably be expected to cause the symptoms alleged, but that plaintiff's statements concerning the intensity, persistence and limiting effects of those symptoms were "not entirely credible[.]" (Id. at 447.) The ALJ purported to offer four reasons in support of this determination. (Id. at 447-48.) Only one of those four reasons, however, pertained to plaintiff's allegations of mental impairment. (Id.)

In this regard, the ALJ asserted that plaintiff's "mental health symptoms are limited, and controlled with medication treatment[.]" (Id. at 447.) Specifically, the ALJ found that plaintiff's "[m]ental health findings are generally within normal" with plaintiff displaying "good hygiene and grooming . . . good eye contact . . . fair insight and judgment," etc. (Id.) However, "after a claimant produces objective medical evidence of an underlying impairment, an ALJ may not reject a claimant's subjective complaints based solely on a lack of medical evidence to fully corroborate the alleged severity of [the impairment]." Burch v. Barnhart, 400 F.3d 676, 680 (9th
////

---

the individual has a medically determinable impairment(s) that could reasonably be expected to produce those symptoms,' and not to delve into wide-ranging scrutiny of the claimant's character and apparent truthfulness." Trevizo v. Berryhill, 871 F.3d 664, 679 (9th Cir. 2017) (quoting SSR 16-3p) (alterations omitted). The ALJ's decision here, however, was issued on April 10, 2014, prior to the implementation of SSR 16-3p.

7

Cir. 2005); see also Putz v. Astrue, 371 Fed. Appx. 801, 802-03 (9th Cir. 2010) ("Putz need not present objective medical evidence to demonstrate the severity of her fatigue.").

And the ALJ's assertion that plaintiff's symptoms were limited and controlled with medication is belied by the record. As the ALJ's decision acknowledged, plaintiff had repeatedly been assessed GAF "scores of 49-50 by treating sources" from 2007 to 2009. (Tr. at 449.) The ALJ afforded these treating assessments "[l]ittle weight" because the scores were "not supported" by examinations that revealed normal findings and were "limited to times of intake, or annual evaluations to continue services[.]" (Id.) The ALJ, however, does not cite specific evidence in support of this finding. Moreover, it is entirely unclear why assessments conducted at intake or at annual evaluations should be afforded less weight than an assessment conducted at some other time.

It must be acknowledged that

> [c]ycles of improvement and debilitating symptoms are a common occurrence, and in such circumstances it is error for an ALJ to pick out a few isolated instances of improvement over a period of months or years and to treat them as a basis for concluding a claimant is capable of working.

Garrison, 759 F.3d at 1017. Moreover, the 2007 to 2009 GAF scores are consistent with the 2005 and 2006 GAF scores that the ALJ failed to acknowledge as discussed above.

Accordingly, the court finds that the ALJ failed to offer clear and convincing reasons supported by substantial evidence in the record for rejecting plaintiff's testimony. Plaintiff, therefore, is also entitled to summary judgment on the claim that the ALJ's treatment of plaintiff's subjective testimony constituted error.

## CONCLUSION

After having found error, "'[t]he decision whether to remand a case for additional evidence, or simply to award benefits[,] is within the discretion of the court.'" Trevizo v. Berryhill, 871 F.3d 664, 682 (9th Cir. 2017) (quoting Sprague v. Bowen, 812 F.2d 1226, 1232 (9th Cir. 1987)). A case may be remanded under the "credit-as-true" rule for an award of benefits where:

////

8

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

Garrison, 759 F.3d at 1020.

Even where all the conditions for the "credit-as-true" rule are met, the court retains "flexibility to remand for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." Id. at 1021; see also Dominguez v. Colvin, 808 F.3d 403, 407 (9th Cir. 2015) ("Unless the district court concludes that further administrative proceedings would serve no useful purpose, it may not remand with a direction to provide benefits."); Treichler v. Commissioner of Social Sec. Admin., 775 F.3d 1090, 1105 (9th Cir. 2014) ("Where . . . an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency.").

Given the ALJ's multiple and repeated errors, the court is reluctant to send this matter back to the ALJ for yet a third bite at the apple. See, e.g., Benecke v. Barnhart, 379 F.3d 587, 595 (9th Cir. 2004) ("Allowing the Commissioner to decide the issue again would create an unfair 'heads we win; tails, let's play again' system of disability benefits adjudication."); Moisa v. Barnhart, 367 F.3d 882, 887 (9th Cir. 2004) ("The Commissioner, having lost this appeal, should not have another opportunity to show that Moisa is not credible any more than Moisa, had he lost, should have an opportunity for remand and further proceedings to establish his credibility.").

However, based on the current record, the court cannot say if, or when, the ALJ would find that plaintiff was in fact disabled during the period at issue. Thus, the court cannot say that further administrative proceedings would serve no useful purpose. This matter will, therefore, be remanded for further proceedings consistent with this order.

////

////

////

////

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 17) is granted;

2. Defendant's cross-motion for summary judgment (ECF No. 20) is denied;

3. The Commissioner's decision is reversed;

4. This matter is remanded for further proceedings consistent with this order; and

5. The Clerk of the Court shall enter judgment for plaintiff, and close this case.

Dated: February 26, 2019

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.soc sec\haynes1984.ord